### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| BOY SCOUTS OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| ALICE K. WEBB, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

1.      Plaintiff Boy Scouts of America ("Boy Scouts") has operated for over 100 years and owns numerous famous Scout and Scouting trademarks, and most of Boy Scouts' trademarks are incontestable under 15 U.S.C. § 1065. Boy Scouts seeks to stop Defendant Alice Webb ("Defendant") from infringing Boy Scout's famous trademarks and falsely associating with Boy Scouts. Defendant first volunteered with Boy Scouts but then began using Boy Scouts' trademarks without authorization on websites, including buying domain names with Boy Scouts' marks, that falsely associates her sites with Boy Scouts and their trademarks. Defendant also is attempting to use her ill-gotten domain names to oppose the registration of Boy Scouts' trademark applications to extort a large payment from Boy Scouts.

2.      Defendant's conduct constitutes (1) trademark infringement under 15 U.S.C. § 1114(a) (Lanham Act § 32(a)); (2) false designation of origin under 15 U.S.C. § 1125(a); (3) unfair competition under 15 U.S.C. § 1125(a) (Lanham Act § 43(a)); (4) trademark dilution under 15 U.S.C. § 1125(c) (Lanham Act § 43(c)); (5) cybersquatting under 15 U.S.C. § 1125(d) (Lanham Act § 43(d)); (6) violation of 36 U.S.C. § 30905 (asserting Boy Scouts' exclusive rights to

emblems, badges, marks, and words); (7) unfair competition under Texas Business and Commerce Code § 17.46 (V.T.C.A., Bus. & C. § 17.46); (8) trademark dilution under Texas Business and Commerce Code § 16.29 (V.T.C.A., Bus. & C. § 16.29) and (9) common-law trademark infringement and unfair competition.

3.      For over 100 years, Boy Scouts has operated one of the premier youth organizations in the United States, authorized by the U.S. Congress with special statutes, and has developed substantial goodwill symbolized by famous and incontestable SCOUT and SCOUTING marks, including the family of SCOUT and SCOUTING formative marks (collectively, "SCOUT Marks").[1]

4.      Unbeknownst to Boy Scouts, Defendant, an adult volunteer member of Boy Scouts' organization and a longtime volunteer, registered three domain names incorporating the mark SCOUTING, including scoutingamerica.com, scoutingamerica.org, and scoutingamerica.net (collectively, the "Infringing Domain Names"), and developed websites on the Infringing Domain Names displaying content solely related to Boy Scouts. Furthering her attempts to falsely associate with Boy Scouts, Defendant also created a channel on the social media platform YouTube under the handle, @scoutingamerica1910 which again contains content solely related to Boy Scouts (the "Infringing YouTube Channel").

5.      Boy Scouts' first awareness of Defendant's claim of ownership in "Scouting America" was when Defendant filed an opposition to trademark applications filed by Boy Scouts for the mark SCOUTING AMERICA, in which Defendant claimed, among other baseless claims,

---

[1] The SCOUT and SCOUTING formative marks used by Boy Scouts are comprised of and/or include the terms "scout," "scouts," and/or "scouting," as further described herein.

that she had priority over the mark based on her ownership and use of the Infringing Domain Names and the Infringing YouTube Channel.

6.      Boy Scouts attempted to negotiate a potential settlement with Defendant which revealed Defendant's true intentions, to extort an exorbitant sum from Boy Scouts to retrieve the unauthorized domain names and for the withdrawal of the baseless opposition to Boy Scouts' trademark applications.

7.      Boy Scouts have been left with no choice but to seek Court intervention to stop Defendant's false association, infringement, and unlawful actions.

8.      Accordingly, Boy Scouts seeks relief from this Court.

## I.      THE PARTIES

9.      Boy Scouts is a congressionally chartered nonprofit corporation domiciled under the laws of the District of Columbia, with its principal place of business at 1325 West Walnut Hill Lane, Irving, Texas 75038.

10.     Alice K. Webb is an individual doing business as Scouting America who, on information and belief, resides at 3703 Moonlite Drive, Pasadena, Texas 77505.

## II.     STATUTORY BASIS AND NATURE OF ACTION

11.     This action is for: (1) trademark infringement under 15 U.S.C. § 1114(a) (Lanham Act § 32(a)); (2) false designation of origin under 15 U.S.C. § 1125(a); (3) unfair competition under 15 U.S.C. § 1125(a) (Lanham Act § 43(a)); (4) trademark dilution under 15 U.S.C. § 1125(c) (Lanham Act § 43(c)); (5) cybersquatting under 15 U.S.C. § 1125(d) (Lanham Act § 43(d)); (6) violation of 36 U.S.C. § 30905 (asserting Boy Scouts' exclusive rights to emblems, badges, marks, and words); (7) unfair competition under Texas Business and Commerce Code § 17.46 (V.T.C.A., Bus. & C. § 17.46); and (8) trademark dilution under Texas Business and Commerce Code § 16.29 (V.T.C.A., Bus. & C. § 16.29).

12.     Boy Scouts seeks injunctive relief, and an award of damages, among other remedies.

## III.    JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction to hear and determine this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Lanham Act. *See* 15 U.S.C. §§ 1051, *et seq.*

14.     This Court has supplemental jurisdiction to hear and determine the state law claims, which arise under the statutory laws of the state of Texas, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts.

15.     Venue and personal jurisdiction are proper in the Northern District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

16.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides in the state of Texas and has purposefully directed her activities that form the basis of this action toward the state of Texas, causing harm suffered in the state of Texas, and because this action is based on activities that arise out of or relate to those contacts.

## IV.    FACTUAL BACKGROUND

### A.    Boy Scouts' Organization and Members

17.     Boy Scouts was formed in 1910, chartered by the U.S. Congress in 1916, and has continuously operated as one of the premier youth development organizations in the United States since its inception.

18.     Boy Scouts' mission is to prepare young people to make ethical and moral choices over their lifetimes by instilling in them the values of the Scout Oath[2] and Law.[3] The mission is integrated into its programs by, *inter alia*, with the objectives character development, leadership development, citizenship training, personal fitness, voluntary service and charitable work.

19.     Boy Scouts offers educational programs and activities on many subjects, including those related to nature, outdoor survival, sports, crafts, science, trades, business, leadership, and future careers, and in the case of the Scouts BSA program, Scouts can earn merit badges in connection with same.

20.     Boy Scouts' programs and activities focus on allowing youth character development, leadership development, citizenship training, and personal fitness.

21.     Since its inception, outdoor educational programs and activities such as backpacking, camping, hiking, and orienteering, among others, have been a central focus of Boy Scouts.

22.     Boy Scouts offers its programs, and provides goods and services, in all fifty states of the United States and its territories.

23.     Since its founding in 1910, approximately 130 million youth have participated in Boy Scouts' programs.

24.     Millions of adult volunteers have also helped carry out Boy Scouts' mission.

25.     Boy Scouts currently engages over one million children and youths, ages 5 to 21, across the United States and its territories.

---

[2] **Scout Oath:** On my honor I will do my do to do my best to do my duty to God and my county and to obey the Scout Law; To help other people at all times; To keep myself physically strong, mentally awake, and morally straight.
[3] **Scout Law:** A Scout is trustworthy, loyal, helpful, friendly, courteous, kind, obedient, cheerful, thrifty, braves, clean reverent.

26.    Further, Boy Scouts has approximately 500,000 adult volunteers across tens of thousands of units, overseen by more than 230 local councils throughout the United States and its territories.

27.    Due to Boy Scouts' prominence over more than 100 years, the extensive membership of past and present Boy Scouts, and the large number of consumers that have purchased or used its goods, programs, and services, along with extensive advertising, promotion and press coverage, Boy Scouts' names and marks, including the entire family of SCOUT Marks, have become famous and are recognized by the public as exclusively identifying Boy Scouts and its members, goods, programs, and services.

**B.    Boy Scouts' Famous Marks**

28.    Boy Scouts adopted and began using marks incorporating the term "SCOUT" as early as 1910.

29.    Boy Scouts has various programs for youth, which include CUB SCOUTS, SCOUTS BSA, and SEA SCOUTS, and VENTURING, and which, in addition to the names "Boy Scouts of America" and "BSA," are well-known and famous names and identities of Boy Scouts.

30.    Among its numerous intellectual property rights, Boy Scouts is the owner of the following U.S. trademark, service mark, and collective membership mark registrations, which are part of the family of SCOUT Marks (collectively, "Registered SCOUT Marks"):

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| SCOUTING | 1197851 | Jun. 15, 1982 |
| SCOUTING FOR FOOD | 3390896 | Mar. 4, 2008 |
| SCOUTING FOR ADVENTURE | 3638293 | Jun. 16, 2009 |
| SCOUTINGU | 4697053 | Mar. 3, 2015 |

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| MY.SCOUTING | 4742244 | May 26, 2015 |
| FRIENDS OF SCOUTING | 5516899 | Jul. 17, 2018 |
| SCOUTING WIRE | 7292723 | Jan. 30, 2024 |
| BOY SCOUTS OF AMERICA | 1215939 | Nov. 9, 1982 |
| CUB SCOUTS | 1215938 | Nov. 9, 1982 |
|  | 1213650 | Oct. 19, 1982 |
|  | 1245661 | Jul. 12, 1983 |
|  | 1257219 | Nov. 08, 1983 |
| BOY SCOUTS OF AMERICA | 1363872 | Oct. 1, 1985 |
|  | 1517631 | Dec. 20, 1988 |
| SCOUTMASTER | 1695120 | June 16, 1992 |
| CUB SCOUTS | 1701404 | Jul. 21, 1992 |
| CUB SCOUTS | 1702357 | Jul. 21, 1992 |
| BOY SCOUTS OF AMERICA | 1725084 | Oct. 20, 1992 |
| SEA SCOUTS | 2578122 | Jun. 11, 2002 |
| EAGLE SCOUT | 3877547 | Nov. 16, 2010 |
|  | 3988794 | Jul. 5, 2011 |
| STEM SCOUTS | 4653974 | Dec. 9, 2014 |

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| SCOUTWEAR | 4731652 | May 5, 2015 |
| SCOUT | 4865183 | Dec. 8, 2015 |
| SCOUTCAST | 5024959 | Aug. 23, 2016 |
| SCOUT LIFE | 6931278 | Dec. 20, 2022 |
| SCOUTS BSA | 6957841 | Jan. 17, 2023 |
| ESCOUTS | 6991611 | Feb. 28, 2023 |
| SCOUTS BSA | 7626600 | Dec. 24, 2024 |

31.     True and correct copies of the certificates of registration for the Registered SCOUT Marks are attached as Exhibit A.

32.     The Registered SCOUT Marks are valid, subsisting, and in full force and effect, and constitute evidence of the validity of the Registered SCOUT Marks, Boy Scouts' ownership of those Marks, and Boy Scouts' exclusive right to use those Marks in commerce in connection with the identified collective memberships, goods and services under Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b).

33.     The Registered SCOUT Marks are incontestable[4] under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus constitute conclusive evidence of their validity and Boy Scouts' ownership thereof.

34.     Boy Scouts is also the owner of the following pending applications, which are also part of the family of SCOUT Marks (the "SCOUT Applications"):

---

[4] Except for SCOUTING WIRE (Reg. No. 7292723), SCOUT LIFE (Reg. No. 6931278), SCOUTS BSA (Reg. No. 6957841), and SCOUTS BSA (Reg. No.7626600).

| Mark | App. No. | Filing Date | Publication Date |
|------|----------|-------------|------------------|
| SCOUTING AMERICA | 98504256 | Apr. 17, 2024 | Dec. 24, 2024 |
| SCOUTING AMERICA | 98505434 | Apr. 17, 2024 | Dec. 24, 2024 |
| SCOUTING AMERICA | 98527138 | Apr. 30, 2024 | Dec. 31, 2024 |

35.    True and correct copies of the printouts from the U.S. Patent and Trademark Office's ("USPTO") Trademark Electronic Search System showing the status of the SCOUT Applications above are attached as Exhibit B.

36.    Boy Scouts is also the owner of common law rights resulting from its continuous and extensive use for over decades of its marks, names, symbols and designs in connection with its various goods, programs, and services, and which are part of the family of SCOUT Marks (collectively, "Boy Scouts' Common Law Scout Marks").

37.    Boy Scouts' Common Law Scout Marks include, without limitation, the following: (a) the trade names and marks BOY SCOUTS OF AMERICA, CUB SCOUTS, SCOUTS BSA, SEA SCOUTS, SCOUTS, SCOUTERS, and SCOUTING, as used in connection with Boy Scouts' organization, membership, programing and promotion of the organization and programs; (b) SCOUT and EAGLE SCOUT as used in connection rank, and (c) the marks BOY SCOUTS OF AMERICA, SCOUTING AMERICA, CUB SCOUTS, SEA SCOUTS and EAGLE SCOUT as used with, inter alia, services of providing programing, activities and education related to volunteerism, leadership, community service, charitable work, outdoor survival, sports, crafts, science, trades, business and future careers.

38.    These Common Law Scout Marks have been continuously and extensively used in commerce by Boy Scouts and are distinctive or have obtained secondary meaning well before Defendant's infringing conduct.

39.    Boy Scouts' SCOUT Marks constitutes a family of marks, registered and unregistered, that include the terms "SCOUT," "SCOUTS," and/or "SCOUTING," and which family of SCOUT Marks has been used and promoted in such a way as to create a public perception of a family of SCOUT Marks that are distinctive as to Boy Scouts' names, members, programs, goods and services.

40.    In 1916, the United States Congress protected the marks and names of Boy Scouts. Recognizing the need for protection for Boy Scouts, the U.S. Congress passed a special act (Pub L. 64-94, amended by Pub L. 88-504, now restated and codified at 36 U.S.C. §§ 30901 *et. seq.*) that granted Boy Scouts exclusive rights to use their marks and designations.

41.    Federal Courts and the USPTO have also acknowledged the exclusive rights of Boy Scouts to prevent others from infringing on its marks and designations.

42.    Boy Scouts' SCOUT Marks have built up extensive goodwill throughout the United States, and in particular in this judicial district and Texas where Boy Scouts is headquartered.

43.    Boy Scouts' SCOUT Marks are distinctive and recognized by the consuming public as a designation of membership in Boy Scouts and a designation of source for Boy Scouts' goods, programs, and services.

44.    Members of youth organizations and the consuming public have come to recognize any mark or name incorporating the terms "SCOUT," "SCOUTS," and/or "SCOUTING," as used in connection with goods, programs, and services similar or related to those of Boy Scouts, as originating or being associated with Boy Scouts.[5]

---

[5] A narrow exception may exist for marks used and owned by the Girl Scouts of the United States of America, with which, upon information and belief, Defendant has no affiliation, authorization or connection.

45.     Due to Boy Scouts' longtime and expansive use of its SCOUT Marks, the family of marks is strong and Boy Scouts' rights over these marks are expansive as the public would and does associate the family of SCOUT Marks with Boy Scouts.

46.     Boy Scouts enforces its rights under its SCOUT Marks to protect the valuable rights and excellent reputation and goodwill that Boy Scouts has worked so hard to achieve and to prevent public confusion.

47.     Boy Scouts has used its SCOUT Marks in commerce in the United States and abroad since long before Defendant's unauthorized use of the infringing marks, names, domain names, and other unauthorized uses.

**C.    Defendant's Volunteer History with Boy Scouts**

48.     Defendant has been a volunteer for and an adult registered member of Boy Scouts since 1998.

49.     Over the nearly 30 years that Defendant has been a volunteer for Boy Scouts, she has held dozens of volunteer positions and completed over forty training courses about Boy Scouts, its youth programs, and various certification courses offered by Boy Scouts.

50.     Defendant's role as a long-time volunteer and registered member gave her access to and knowledge of Boy Scouts' organization and marks, including its use and ownership of the family of SCOUT Marks.

51.     Upon information and belief, Defendant used her decades of access to Boy Scouts and knowledge about its organization and trademarks to create a false association between herself and Boy Scouts to trade off on the goodwill of its famous marks.

52.     Defendant orchestrated this false association through the use of the Infringing Domain Names including Boy Scouts' famous marks, displaying content solely about Boy Scouts and its organization and members on the webpages associated with the Infringing Domain names,

and launching the Infringing YouTube Channel incorporating Boy Scouts' famous marks and consisting of content solely about Boy Scouts, among other acts.

53.    Boy Scouts is and has been the owner of the famous and incontestable SCOUT Marks since decades before Defendant's infringement, which is intended to pass off on the goodwill that Boy Scouts built in its organization and trademarks.

**D.    Defendant's False Association, Unauthorized Use of Boy Scouts' Trademark, And Wrongful Registration of the Infringing Domain Names**

54.    Upon information and belief, Defendant registered the Infringing Domain Names, scoutingamerica.com, scoutingamerica.org, and scoutingamerica.net, for the purpose of displaying webpages that create a false association with Boy Scouts, Boy Scouts' members, and Boy Scouts' goods, programs, and services.

55.    Upon information and belief, Defendant is the registrant of the Infringing Domain Names.

56.    Boy Scouts had no knowledge of Defendant's registration of the Infringing Domain Names, nor did Boy Scouts give any authorization, permission, or license to use its trademarks in the Infringing Domain Names or on any associated webpages.

57.    Upon information and belief, to the extent there were webpages for any of the Infringing Domain Names, those webpages were limited to content related to Boy Scouts, Boy Scouts' members, and Boy Scouts' goods, programs, or services.

58.    The webpage for the infringing domain scoutingamerica.org included prominent use of Plaintiff's registered logo, as pictured below (the "Infringing Logo").



59.     Upon information and belief, Defendant never offered, advertised, or sold any of her own goods or services on any of the webpages displayed on the Infringing Domain Names.

60.     Upon discovering the Infringing Domain Names, Boy Scouts attempted to negotiate a purchase of the Infringing Domain Names from Defendant.

61.     Defendant refused Boy Scouts' offer to purchase the Infringing Domain Names and instead proceeded to file an opposition against Boy Scouts' trademark applications stating baseless accusations that Defendant owns the mark SCOUTING AMERICA due to her ownership of the Infringing Domain Names and operation of the Infringing YouTube Channel.

62.     Boy Scouts continued its efforts to amicably purchase the Infringing Domain Names, but Defendant refused Boy Scouts' offer and demanded payment of an exorbitant sum, along with other conditions for the purchase of the Infringing Domain Names.

63.     Defendant's registration and use of the Infringing Domain Names and Infringing YouTube Channel directly infringes and dilutes Boy Scouts' famous SCOUT Marks, which have gained significant goodwill and fame throughout the United States such that the marks point uniquely and distinctly to Boy Scouts.

E.    **Defendant's Baseless Oppositions Against Boy Scouts' Trademark Applications As A Negotiating Tactic**

64.    Defendant filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") on January 21, 2025 under U.S. Trademark Opposition Number 91296380 (the "Opposition Proceeding"), opposing registration of Boy Scouts' trademark applications for the mark SCOUTING AMERICA under Trademark Application Serial Numbers 98504256 and 98505434 (collectively, the "Opposed Trademarks").

65.    The basis of Defendant's Notice of Opposition filed in the Opposition Proceeding is an alleged ownership over the mark "Scouting America" (the "Infringing Mark") in connection with "The name Scouting America and the association with membership in an organization for youth, and educational services, namely, providing programs and activities for youth in the fields of youth development, community service, leadership training, and outdoor adventure and recreation" ("Defendant's Claimed Goods and Services").

66.    Defendant described her Claimed Goods and Services as "the association with membership in an organization for youth, and educational services…," referring to Boy Scouts' members and Boy Scouts' organization for youth and educational services.

67.    In her Notice of Opposition filed in the Opposition Proceeding, Defendant claims to own the Infringing Domain Names.

68.    Upon information and belief, the webpages for each of the Infringing Domain Names have only ever been comprised of information relating to Boy Scouts, Boy Scouts' members, and Boy Scouts' goods, programs, and services.

69.    Defendant's ownership and use of the Infringing Domain Names is intended to and does create a false association between Defendant and Boy Scouts.

70.     Upon information and belief, in March 2025, Defendant removed the content from the webpages associated with the Infringing Domain Names.

71.     Defendant also alleged in her Notice of Opposition that her claim of priority is based on her ownership of the Infringing YouTube Channel under the handle, @scoutingamerica1910, which, without permission or authorization, uses the SCOUT Marks and other trademarks owned exclusively by Boy Scouts, provides content and videos exclusively related to Boy Scouts and Boy Scouts' youth organization, and creates a false association between Defendant and Boy Scouts.

72.     The Infringing YouTube Channel also utilizes the year 1910 in the handle, @scoutingamerica1910, furthering Defendant's false association with Boy Scouts which was founded in 1910 and touted on Boy Scouts' website and well-known by its members.

73.     The content posted by Defendant on the Infringing YouTube Channel is related to Boy Scouts and many of the videos posted by Defendant show her in a Boy Scouts' uniform, furthering her attempts to falsely associate with Boy Scouts.

74.     Boy Scouts is the exclusive owner of the mark SCOUTING AMERICA, which points uniquely and unmistakably to Boy Scouts and its collective memberships, goods and services.

75.     Boy Scouts' organization, marks, collective memberships, and its goods and services are famous throughout the United States.

76.     Defendant's use of the Infringing Mark and Infringing Logo in connection with the Infringing Domain Names, on the websites associated with the Infringing Domain Names, the Infringing YouTube Channel and in connection with Defendant's Claimed Goods and Services, will necessarily be associated by consumers and the general public as being sold, provided,

authorized, endorsed, or sponsored by Boy Scouts, or that Defendant is in some way affiliated with (other than in her limited role as a volunteer and adult registered member) or sponsored by Boy Scouts.

77.     Defendant's use of the Infringing Mark and Infringing Logo in connection with the Infringing Domain Names, on the websites associated with the Infringing Domain Names, the Infringing YouTube Channel and in connection with Defendant's Claimed Goods and Services, dilutes the distinctive qualities of Plaintiff's famous SCOUT Marks, which were famous and incontestable for decades before Defendant's infringement.

78.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Boy Scouts and to its valuable reputation and goodwill with the consuming public for which Boy Scouts has no adequate remedy at law.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER SECTION 32(a) OF THE LANHAM ACT,**
**15 U.S.C. § 1114(a)**

79.     Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

80.     Boy Scouts is the sole, exclusive owner of Boy Scouts' Registered SCOUT Marks.

81.     Boy Scouts' Registered SCOUT Marks, as used in connection with Boy Scouts' collective memberships, goods and services, are inherently distinctive and/or have acquired secondary meaning.

82.     Indeed, all of Boy Scouts' Registered SCOUT Marks are incontestable (except for SCOUTING WIRE (Reg. No. 7292723), SCOUT LIFE (Reg. No. 6931278), SCOUTS BSA (Reg. No. 6957841), and SCOUTS BSA (Reg. No.7626600)).

83.     By virtue of its ownership of Boy Scouts' Registered SCOUT Marks, Boy Scouts has the sole and exclusive right to use Boy Scouts' Registered SCOUT Marks in commerce on and

in connection with the goods, services, and memberships recited in the registrations for Boy Scouts' Registered SCOUT Marks.

84.    Defendant's Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel incorporate the term "SCOUT" and/or "SCOUTING," which is identical to the famous and distinctive terms "SCOUT," "SCOUTS," and "SCOUTING" used in the Boy Scouts' Registered SCOUT Marks.

85.    Defendant has used and is using the Infringing Mark as a tradename, in connection with goods and/or services that are similar and/or related to those that Boy Scouts offers.

86.    Further, the programs, membership, goods and/or services that the parties' market, offer, sell and/or provide under their respective marks travel in identical and/or similar trade channels and target identical and/or similar classes of consumers.

87.    Boy Scouts has not authorized, directly or indirectly, Defendant's use of the Infringing Mark, the Infringing Logo, the Infringing Domain Names, the Infringing YouTube Channel, or any other mark incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING" in any manner.

88.    Defendant's infringing activities have been without Boy Scouts' consent.

89.    Boy Scouts does not currently have the ability to control the nature and/or quality of the goods or services Defendant offers under the Infringing Mark, the Infringing Logo, or on the webpages for the Infringing Domain Names and Infringing YouTube Channel.

90.    Defendant's unauthorized use of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel are likely to cause confusion, cause mistake or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's programs, goods and/or services.

91.     Defendant's unauthorized use of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel is likely to cause consumers to believe, contrary to fact, that Defendant's websites, goods and/or services are sold, provided, authorized, endorsed, or sponsored by Boy Scouts, or that Defendant is in some way affiliated with (other than in her limited role as a volunteer and adult registered member) or sponsored by Boy Scouts, when she is not.

92.     Defendant's unauthorized use constitutes federal trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

93.     Defendant has committed the foregoing acts of infringement with full knowledge of Boy Scouts' prior rights in Boy Scouts' Registered SCOUT Marks and with the willful intent to cause confusion, to cause mistake, or to deceive and to trade off on Boy Scouts' goodwill and reputation.

94.     Defendant's actions are "exceptional" under 15 U.S.C. § 1117.

95.     Defendant's conduct is causing immediate and irreparable harm and injury to Boy Scouts, and to its goodwill and reputation, and will continue to both damage Boy Scouts and confuse the public unless enjoined by the Court. Boy Scouts has no adequate remedy at law.

96.     Boy Scouts is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

97.     Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

98.     Boy Scouts is the rightful and sole owner of Boy Scouts' Common Law Scout Marks.

99.     Boy Scouts has continuously used Boy Scouts' Common Law Scout Marks in connection with its names, programs, membership, goods and services since long before any first use date that Defendant can claim for the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel.

100.    Boy Scouts has continuously used Boy Scouts' Common Law Scout Marks in interstate commerce in connection with its names, programs, membership, goods and services since long before any first use date that Defendant can claim for the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel.

101.    By virtue of its earlier use of Boy Scouts' Common Law Scout Marks, Boy Scouts owns earlier unregistered rights in Boy Scouts' Common Law Scout Marks and is the senior user of Boy Scouts' Common Law Scout Marks.

102.    Defendant's Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel incorporate the term "SCOUT" and/or "SCOUTING," which are identical to the famous and distinctive terms "SCOUT" and "SCOUTING" in the Boy Scouts' Common Law Scout Marks.

103.    Defendant has used and is continuing to use the Infringing Mark as a trade name and in providing goods and/or services that are identical and/or highly similar to those that Boy Scouts offers.

104.    In addition to the unauthorized use of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel, Defendant furthers her false association with Boy Scouts by posting content exclusively related to Boy Scouts, wearing a Boy

Scouts' uniform, and incorporating "1910," the year that Boy Scouts was established, in the Infringing YouTube Channel handle name.

105.    Further, the goods and/or services that the parties' market, offer, sell and/or provide under their respective marks travel in identical and/or highly similar trade channels and target identical and/or highly similar classes of consumers.

106.    Boy Scouts has not authorized, directly or indirectly, Defendant's use of the Infringing Mark, the Infringing Logo, the Infringing Domain Names, the Infringing YouTube Channel, or any other mark incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING" in any manner.

107.    Defendant's infringing activities have been without Boy Scouts' consent.

108.    Boy Scouts does not currently have the ability to control the nature and/or quality of the goods or services Defendant offers under the Infringing Mark, the Infringing Logo, on the webpages for the Infringing Domain Names, and on the Infringing YouTube Channel.

109.    Defendant's unauthorized use in commerce of the Infringing Mark and Infringing Logo is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's websites, goods and services.

110.    Defendant's unauthorized use in commerce of the Infringing Mark and Infringing Logo is likely to cause consumers to believe, contrary to fact, that Defendant's websites, goods and services are sold, provided, authorized, endorsed, or sponsored by Boy Scouts, or that Defendant is in some way affiliated with (other than in her limited role as a volunteer and adult registered member) or sponsored by Boy Scouts, when she is not.

111.    Defendant's unauthorized use in commerce of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel as described herein constitutes use of a false designation of origin and misleading description and representation of fact.

112.    Upon information and belief, Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Boy Scouts.

113.    Defendant's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

114.    Defendant's conduct is causing immediate and irreparable harm and injury to Boy Scouts, and to its goodwill and reputation, and will continue to both damage Boy Scouts and confuse the public unless enjoined by this Court. Boy Scouts has no adequate remedy at law.

115.    Boy Scouts is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT III
### UNFAIR COMPETITION SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

116.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

117.    Boy Scouts is the rightful and sole owner of Boy Scouts' Common Law Scout Marks.

118.    Boy Scouts has continuously used Boy Scouts' Common Law Scout Marks in connection with its names, programs, membership, goods and services since long before any first

use date that Defendant can claim for the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel.

119.    Boy Scouts has continuously used Boy Scouts' Common Law Scout Marks in interstate commerce in connection with its names, programs, membership, goods and services since long before any first use date that Defendant can claim for the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel.

120.    By virtue of its earlier use of Boy Scouts' Common Law Scout Marks, Boy Scouts owns earlier unregistered rights in Boy Scouts' Common Law Scout Marks and is the senior user of Boy Scouts' Common Law Scout Marks.

121.    Defendant's Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel incorporate the term "SCOUT" and/or "SCOUTING," which are identical to the famous and distinctive terms "SCOUT" and "SCOUTING" in the Boy Scouts' Common Law Scout Marks.

122.    Defendant has used and is continuing to use the Infringing Mark as a trade name and in providing goods and/or services that are identical and/or highly similar to those that Boy Scouts offers.

123.    Further, the goods and/or services that the parties' market, offer, sell and/or provide under their respective marks travel in identical and/or highly similar trade channels and target identical and/or highly similar classes of consumers.

124.    Boy Scouts has not authorized, directly or indirectly, Defendant's use of the Infringing Mark, the Infringing Logo, the Infringing Domain Names, the Infringing YouTube Channel, or any other mark incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING" in any manner.

125.    Defendant's infringing activities have been without Boy Scouts' consent.

126.    Boy Scouts does not currently have the ability to control the nature and/or quality of the goods or services Defendant offers under the Infringing Mark, the Infringing Logo or on the webpages for the Infringing Domain Names and Infringing YouTube Channel.

127.    Defendant's unauthorized use in commerce of the Infringing Mark and Infringing Logo is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's websites, goods and services.

128.    Defendant's unauthorized use in commerce of the Infringing Mark and Infringing Logo is likely to cause consumers to believe, contrary to fact, that Defendant's websites, goods and services are sold, provided, authorized, endorsed, or sponsored by Boy Scouts, or that Defendant is in some way affiliated with (other than in her limited role as a volunteer and adult registered member) or sponsored by Boy Scouts, when she is not.

129.    Defendant's unauthorized use in commerce of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel as described herein constitutes use of a false designation of origin and misleading description and representation of fact.

130.    Upon information and belief, Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Boy Scouts.

131.    Defendant's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

132.    Defendant's conduct is causing immediate and irreparable harm and injury to Boy Scouts, and to its goodwill and reputation, and will continue to both damage Boy Scouts and confuse the public unless enjoined by this Court. Boy Scouts has no adequate remedy at law.

133.    Boy Scouts is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT IV**
**TRADEMARK DIULTION UNDER SECTION 43(c) OF THE LANHAM ACT, 15 U.S.C.**
**§ 1125(c)**

134.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

135.    Boy Scouts' SCOUT Marks are strong, incontestable, and distinctive marks that have achieved notoriety and widespread public recognition and are, thus, "famous" within the meaning of the Lanham Act.

136.    Boy Scouts' SCOUT Marks became famous long before any first use date Defendant can claim in connection with the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel.

137.    Defendant's Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel incorporate the term "SCOUT" and/or "SCOUTING," which are identical to the famous and distinctive terms "SCOUT" and "SCOUTING" in the Boy Scouts' SCOUT Marks.

138.    Defendant has used and is continuing to use the Infringing Mark as a tradename and in goods and/or services that are identical and/or highly similar to those that Boy Scouts offers.

139.    Further, the goods and/or services that the parties' market, offer, sell and/or provide under their respective marks travel in identical and/or similar trade channels and target identical and/or similar classes of consumers.

140.    Boy Scouts has not authorized, directly or indirectly, Defendant's use of the Infringing Mark, the Infringing Logo, the Infringing Domain Names, the Infringing YouTube Channel, or any other mark incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING" in any manner.

141.    Defendant's infringing activities have been without Boy Scouts' consent.

142.    Boy Scouts does not currently have the ability to control the nature and/or quality of the goods or services Defendant offers under the Infringing Mark, the Infringing Logo, or on the webpages for the Infringing Domain Names and Infringing YouTube Channel.

143.    Defendant has used and is continuing to use the Infringing Mark and Infringing Logo, which dilutes and is likely to dilute the distinctiveness of Boy Scouts' SCOUT Marks by eroding the public's exclusive association of Boy Scouts' SCOUT Marks with Boy Scouts, tarnishing and degrading the positive associations and prestigious connotations of Boy Scouts' SCOUT Marks, and otherwise lessening the capacity of Boy Scouts' SCOUT Marks to identify and distinguish Boy Scouts' goods, programs, and/or services from those of others.

144.    Defendant's unlawful actions, as described herein, began decades after Boy Scouts' SCOUT Marks became famous and incontestable.

145.    Upon information and belief, Defendant acted knowingly, deliberately, and willfully with the intent to trade on Boy Scouts' goodwill and reputation, and to dilute Boy Scouts' rights in Boy Scouts' SCOUT Marks. Defendant's conduct is willful, wanton, and egregious.

146.    Defendant's conduct constitutes federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

147.    Defendant's conduct is causing immediate and irreparable harm and injury to Boy Scouts, and to its goodwill and reputation, and will continue to both damage Boy Scouts and confuse the public unless enjoined by this Court. Boy Scouts has no adequate remedy at law.

148.    Boy Scouts is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT V
## CYBERSQUATTING UNDER SECTION 43(d) OF THE LANHAM ACT,
## 15 U.S.C. § 1125(d)

149.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

150.    Boy Scouts believes that the registrant of the Infringing Domain Names is Defendant, but cannot be certain due to the registrant's use of privacy protection service to mask its identity. Defendant alleges in the Opposition Proceeding that she is the registrant of the Infringing Domain Names.

151.    Defendant's conduct constitutes "cybersquatting" under the Anti-Cybersquatting Consumer Protection Act.

152.    Defendant has used, registered, or trafficked in the Infringing Domain Names with a bad-faith intent to profit from Boy Scouts' SCOUT Marks and to extort a large payment out of Boy Scouts to recover the Infringing Domain Names.

153.    Boy Scouts' SCOUT Marks were distinctive at the time the Infringing Domain Names were registered and/or updated.

154.    Defendant's Infringing Domain Names are confusingly similar to Boy Scouts' SCOUT Marks.

26

155.    Defendant's wrongful activities have caused irreparable damage to Boy Scouts and will continue to do so unless such activities are enjoined by this Court. Boy Scouts has no adequate remedy at law.

156.    Boy Scouts is entitled to an Order requiring Defendant to transfer the Infringing Domain Names to Boy Scouts.

**COUNT VI**
**VIOLATION OF 36 U.S.C. § 30905**

157.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

158.    In enacting 36 U.S.C. § 30905 (and its preceding clause in Pub. L. 64-94), the U.S. Congress granted Boy Scouts "the exclusive right to use emblems, badges, descriptive or designating marks, and words or phrases" that it adopts.

159.    Defendant's use in commerce of the use of the Infringing Mark, the Infringing Logo, Boy Scouts' SCOUT Marks, names, phrases and other designations in connection with the Infringing Domain Names, on the websites associated with the Infringing Domain Names, the Infringing YouTube Channel and in connection with Defendant's Claimed Goods and Services violates Boy Scouts' exclusive right to use its "emblems, badges, descriptive or designating marks, and words or phrases" as set forth in 36 U.S.C. § 30905, including the right to use its family SCOUT Marks.

160.    Defendant's wrongful activities have caused, and will continue to cause, irreparable damage to Boy Scouts unless such activities are enjoined by this Court.

161.    Boy Scouts has no adequate remedy at law.

162.    The Court should accordingly determine that Boy Scouts has exclusive rights to its protected marks

## COUNT VII
## UNFAIR COMPETITION UNDER TEXAS BUSINESS AND COMMERCE CODE §17.46

163.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

164.    Defendant has used, and continues to use, the Infringing Mark and Infringing Logo in commerce in Texas and throughout the remainder of the United States through, among other things, the Infringing Domain Names, Defendant's websites, and the Infringing YouTube Channel.

165.    Defendant's actions constitute false, misleading, or deceptive acts or practices, including, but not limited to: (a) passing off Defendant's websites, goods and/or services as those of Boy Scouts; (b) causing confusion or misunderstanding as to the source of Defendant's websites, goods and/or services, and the sponsorship, approval, or certification of its websites, goods and/or services by Boy Scouts; and/or (c) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, Boy Scouts.

166.    Defendant's wrongful activities have been willful and intentional.

167.    Defendant's wrongful activities have and will continue to cause irreparable damage to Boy Scouts, its business reputation and the goodwill associated with Boy Scouts' SCOUT Marks unless such activities are enjoined by this Court. Boy Scouts has no adequate remedy at law.

168.    Boy Scouts is entitled to, among other relief, an award of economic damages, reasonable attorneys' fees, and costs.

## COUNT VIII
## TRADEMARK DILUTION UNDER TEXAS BUSINESS & COMMERCE CODE § 16.29

169.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

170.    Boy Scouts' SCOUT Marks constitute famous marks in the State of Texas under Section 16.103 of the Texas Business and Commerce Code, and Boy Scouts' SCOUT Marks became famous before the commencement of Defendant's infringing activities.

171.    Defendant's Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel incorporate the term "SCOUT" and/or "SCOUTING," which are identical to the famous and distinctive terms "SCOUT," "SCOUTS," and/or "SCOUTING" used in the Boy Scouts' SCOUT Marks.

172.    Defendant has used and is continuing to use the Infringing Mark as a trade name and in providing goods and/or services that are similar and/or related to those that Boy Scouts offers.

173.    Further, the goods and/or services that the parties' market, offer, sell and/or provide under their respective marks travel in identical and/or similar trade channels and target identical and/or similar classes of consumers.

174.    Boy Scouts has not authorized, directly or indirectly, Defendant's use of the Infringing Mark, the Infringing Logo, the Infringing Domain Names, the Infringing YouTube Channel, or any other mark incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING" in any manner.

175.    Defendant's infringing activities have been without Boy Scouts' consent.

176.    Boy Scouts does not currently have the ability to control the nature and/or quality of the goods or services Defendant offers under the Infringing Mark, the Infringing Logo, or on the webpages for the Infringing Domain Names and the Infringing YouTube Channel.

177.    Defendant's unauthorized use in commerce of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's websites, goods, and/or services.

178.    Defendant's unauthorized use in commerce of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel is likely to cause consumers to believe, contrary to fact, that Defendant's websites, goods, and/or services are sold, provided, authorized, endorsed, or sponsored by Boy Scouts, or that Defendant is in some way affiliated with (other than in her limited role as a volunteer and adult registered member) or sponsored by Boy Scouts, when she is not.

179.    Defendant's activities dilute the distinctive quality of Boy Scouts' SCOUT Marks in violation of Section 16.103.

180.    Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Boy Scouts' business, reputation and goodwill in Boy Scouts' SCOUT Marks, symbols and designs. Boy Scouts has no adequate remedy at law.

181.    Boy Scouts is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under at least Tex. Bus. & Com. Code § 16.04.

**COUNT IX**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

182.    Boy Scouts realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

183.    The aforementioned acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

184.    Defendant's actions were and are willful, knowing, and intended to cause confusion, to cause mistake, or to deceive.

185.    Defendant's infringing conduct has allowed Defendant to wrongfully profit, has injured Boy Scouts in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Boy Scouts, its goodwill, and reputation, for which Boy Scouts has no adequate remedy at law.

186.    Defendant's conduct will continue to both damage Boy Scouts and confuse the public unless the Court enjoins it.

187.    Boy Scouts owns all rights, title, and interest in and to Boy Scouts' SCOUT Marks, including, but not limited to all registered and unregistered rights in such marks, due to Boy Scouts' earlier use of Boy Scouts' SCOUT Marks in this judicial district and elsewhere.

188.    Defendant's Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel incorporate the term "SCOUT" and/or "SCOUTING," which are identical to the famous and distinctive terms "SCOUT" and "SCOUTING" in the Boy Scouts' SCOUT Marks.

189.    Defendant has used and is continuing to use the Infringing Mark as a trade name and in providing goods and/or services that are similar and/or related to those that Boy Scouts offers.

190.    Further, the goods and/or services that the parties' market, offer, sell and/or provide under their respective marks travel in identical and/or similar trade channels and target identical and/or similar classes of consumers.

191.    Boy Scouts has not authorized, directly or indirectly, Defendant's use of the Infringing Mark, the Infringing Logo, the Infringing Domain Names, the Infringing YouTube

Channel, or any other mark incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING" in any manner.

192.    Defendant's infringing activities have been without Boy Scouts' consent.

193.    Boy Scouts does not currently have the ability to control the nature and/or quality of the goods or services Defendant offers under the Infringing Mark, the Infringing Logo, or on the webpages for the Infringing Domain Names and Infringing YouTube Channel.

194.    Boy Scouts has not authorized Defendant to use Boy Scouts' SCOUT Marks, or any other mark, trade name, or domain name incorporating the terms "SCOUT," "SCOUTS," or "SCOUTING."

195.    Defendant's unauthorized use of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's websites, goods, and/or services.

196.    Defendant's unauthorized use of the Infringing Mark, Infringing Logo, Infringing Domain Names, and Infringing YouTube Channel is likely to cause consumers to believe, contrary to fact, that Defendant's websites, goods, and/or services are sold, authorized, endorsed, or sponsored by Boy Scouts, or that Defendant is in some way affiliated with (other than in her limited role as a volunteer and adult registered member) or sponsored by Boy Scouts, when she is not.

197.    Defendant's conduct was and is malicious and wanton and Boy Scouts is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages, punitive damages, reasonable attorneys' fees, and costs of the action under Texas common law, together with prejudgment and post-judgment interest.

## JURY TRIAL DEMANDED

Boy Scouts demands a trial by jury as to all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## REQUEST FOR RELIEF

WHEREFORE, Boy Scouts respectfully requests that this Court enter judgment in its favor and against Defendant, as follows:

A.    Finding that Defendant's activities are unlawful under Federal and Texas law, and entering judgment for Boy Scouts and against Defendant on Counts I-IX, inclusive;

B.    Preliminarily and permanently enjoining Defendant, any entity that she controls, her predecessors, successors, assigns, divisions, subsidiaries, and joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representative, and those acting in privity or concert with them or on their behalf, from directly or indirectly using on or in connection with names, memberships, programs, websites, goods and/or services, or any other designation: (i) the Infringing Mark; (ii) the Infringing Logo; (iii) any marks comprised of or including the terms "SCOUT," "SCOUTS," or "SCOUTING," regardless of stylization or design; (iv) any marks confusingly similar to Boy Scouts' SCOUT Marks, regardless of stylization or design; and (v) any domain name comprised of or including the terms "SCOUT," "SCOUTS," or "SCOUTING" or any other term confusingly similar to Boy Scouts' SCOUT Marks;

C.    Ordering that Defendant, or any entity that she controls, transfer to Boy Scouts the Infringing Domain Names (scoutingamerica.com, scoutingamerica.org, and scoutingamerica.net) and any other domain names in Defendant's possession, custody or control that include the term "SCOUT," "SCOUTS," and/or "SCOUTING" or any other term confusingly similar to Boy Scouts' SCOUT Marks;

D.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any products or services manufactured, sold, distributed, supplied, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Boy Scouts or constitute or are connected with Boy Scouts' goods and/or services;

E.    Directing, under Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Boy Scouts' counsel within thirty (30) days after the service on Defendant of an injunction, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

F.    Declaring that Defendant willfully violated Boy Scouts' rights;

G.    Award Boy Scouts its actual damages against Defendant in an amount to be determined at trial;

H.    Awarding Boy Scouts an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

I.    Award Boy Scouts with Defendant's profits from her aforementioned activities;

J.    Award Boy Scouts with punitive damages against Defendant;

K.    Award Boy Scouts with statutory damages;

L.    Declaring that this is an exception case under Section 35(a) of the Lanham Act and awarding Boy Scouts of its costs and reasonable attorneys' fees in this action under 15 U.S.C. § 1117(a), and any other by applicable laws;

M.    Award Boy Scouts with pre- and post-judgment interest at the maximum legal rate and costs;

N.      Award Boy Scouts an accounting for damages and for all the profits together with those profits lost by Boy Scouts due to Defendant's misconduct alleged herein; and

O.      Grant such other and further relief as the Court deems just and proper.

Dated: May 28, 2025                                  Respectfully submitted,

                                        By:     /s/Adam Wolek_____
                                                Adam Wolek (No. 6301207)
                                                Fox Rothschild LLP
                                                777 South Flagler Drive
                                                Suite 1700, West Tower
                                                West Palm Beach, FL 33401
                                                Phone: (561) 835-9600
                                                Fax: (561) 835-9602
                                                awolek@foxrothschild.com

                                                Andy Nikolopoulos (No. 24044852)
                                                2501 North Harwood Street, Suite 1800
                                                Dallas, TX 75201
                                                Phone: (972) 991-9880
                                                Fax: (972) 404-0516
                                                anikolopoulous@foxrothschild.com

                                                Gary A. Hecht (*pro hac vice* forthcoming)
                                                Clarissa Sullivan (*pro hac vice* forthcoming)
                                                Fox Rothschild LLP
                                                Two Commerce Square
                                                2001 Market Street
                                                Philadelphia, PA 19103
                                                Phone: (215) 299-2000
                                                Fax: (215) 299-2150
                                                ghecht@foxrothschild.com
                                                csullivan@foxrothschild.com

                                                *Counsel for Plaintiff*
                                                *Boy Scouts of America*